THE NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY *v.* JOHN H. ECHOLS ET AL.

1. EVIDENCE.  *Competency.    Cost and value.    Defective memory as to sources of information.*

In an action for the breach by a railroad company of a contract to pay $40 a month for water, in consideration that the plaintiff would build and keep a tank, the plaintiff testified to all the items in his bill of particulars of damages; and respecting this item, " Cost of pipe, shafting and pulley wheels, $450, now worth $150, loss $300," he said these articles, when purchased, cost about $450, and his present valuation was $150.   On cross-examination, being asked the cost of pipe and its length, and the same of the shafting and pulley wheels, he answered, They were purchased at Cincinnati (except the wooden parts of the pulley wheels).   He thought the pulley wheels cost $100.   He further said, in answer to questions, that he did not have invoices of the cost of the articles, and did not know whether his books would show the cost, but did not think they would; that about the time the suit was commenced he had made an estimate of all the items in the account, and put each item down according to

his estimate; that he did not make the estimate with the invoices or books before him, but made it as put down in the bill of particulars; that from his best judgment it was correct; but all he could now say about it was that he found on said bill the estimate as before stated, and he knew that he had made an estimate when the suit was brought, and had put it down on a bill of particulars. He was then asked if, on inspecting said bill of particulars, he could state from recollection what was the cost and value of the pipe, pulley wheels and shafting; and he said he could not. A motion was then made to exclude all the witness's evidence as to said item, because he did not possess sufficient knowledge as a basis of his testimony. *Held*, that he could depose to the cost of the articles and their present value; and that the distinctness or vagueness of his recollection went, not to the competency, but to the sufficiency, of his testimony.

2. SAME.   *Original entries.   Memoranda made post litem motam.*
    A writing or memorandum made at or near the time of a transaction, for the purpose of preserving evidence thereof, is admissible, though the witness who made it cannot recollect the particulars. But memoranda made by the plaintiff more than two years after the transactions, and *post litem motam*, are inadmissible as evidence of the items therein contained.

3. SAME.   *Variance.   Damages for breach of contract.*
    Under a declaration for the breach by a railroad company of a contract to use and pay monthly for water, in consideration that the plaintiff would build and keep a tank, alleging that all the materials were put up only for the advantages to accrue from said contract, and are a total loss, being of no value for any other purpose, the plaintiff may show a partial loss, such as deterioration in value, owing to the market here not being good.

4. MEASURE OF DAMAGES FOR BREACH OF CONTRACT.   *Duty of injured party.*
    A party injured by breach of contract must make reasonable exertions to reduce his damages as much as practicable; and if through negligence or wilfulness he allows the damages to be unnecessarily enhanced, he must bear the increased loss.

5. SAME.   *Where plaintiff retains articles purchased by him to carry out the contract.*
    Where, to carry out a contract to furnish water to a railroad company, a party purchases articles which, under the contract, are to remain his own, if the company abandons the contract, leaving the property uninjured, except by depreciation from change of locality, he is not bound to sell, but may retain the property, and recover damages for the breach; the measure of damages in such case being the difference between the cost of the articles and their present market, or actual, value.

Error to the Circuit Court of Hinds County.

Hon. George F. Brown, Judge.

The following instructions asked by the defendant were refused : —

"3. If the jury believe from the evidence that a contract was made as alleged by the declaration, and that by the terms of said contract the articles mentioned in the bill of particulars, under the head of 'cost of pipe, shafting and pulley wheels,' valued at $450, were to be and remain under said contract the property of said plaintiffs ; and that, when said contract was abandoned, said property was uninjured, and that the only deterioration in its value was that it would not sell for as much as it cost, owing to the market here not being good, — then under the declaration they are not entitled to recover any thing on account of said deterioration in value so produced."

"5. The court instructs the jury, if they believe from the evidence that the belting, shafting and pipes were to be the property of the plaintiffs, Echols & Green, if the contract had been carried out, then, on a failure of the contract, they had no right to abandon those things, with a view of holding the railroad company liable therefor ; but it was their duty to use due diligence and find the best market for these articles, and to sell them to the best advantage possible, and, if they failed to do so, the plaintiffs cannot throw the loss upon the defendants ; and, in the absence of such proof to show they used such diligence, the jury are warranted in excluding the cost of said articles from their verdict."

The defendant excepted to the refusal of the instructions, and from a verdict and judgment for the plaintiffs brings the case to this court.

*Harris & George*, for the plaintiff in error.

1. Echols, the plaintiff, evidently possessed no sufficient knowledge to enable him to testify to the cost of the pipe, shafting and pulley wheels.  A verdict cannot be based on the plaintiff's estimate.  A witness is never allowed to depose to *value*, unless he states the facts on which he bases his estimate.  But here the question was as to *cost*, not a matter of estimate or judgment, but of recollection.  This

memorandum was made *post litem motam*.   It was made more than *two years* after the *purchase* of the goods, not as a statement of his recollection, and with the view of perpetuating the evidence, but simply as an estimate and basis of a claim for damages.   This is wholly condemned by the authorities.   1 Greenl. Evid. § 438 and cases there cited; *Spring Garden Insurance Co.* v. *Evans*, 15 Md. 54; *Smith* v. *Lane*, 12 S. & R. 80; *Glover* v. *Hunnewell*, 6 Pick. 222.

2. The third charge for the defendant should have been given.   The declaration claims damages for cost of material, including pipe, shafting and pulley wheels, distinctly and unequivocally, upon the ground that, being made or bought for the station, they were of no use for any other purpose, and were consequently of no value.   The proof as to these articles is the reverse of this.   They were valuable for other purposes: they were as good as ever; and the only loss was, that they were not in as good a market.   The third charge is that, if this was so, the plaintiffs could not recover under the declaration.   The variance was material and important.

3. The fifth charge should also have been given.   It asserts the doctrine, as to the plaintiffs' own property, uninjured in a physical point of view, that they could not abandon it on the termination of the contract, but were bound to use due care in disposing of it, so as to prevent loss.   There is no rule of law clearer than this.   *Dix* v. *Brown*, 41 Miss. 131; *Hunt* v. *Crane*, 33 Miss. 669; *Armfield* v. *Nash*, 31 Miss. 361.

*Johnston & Johnston*, for the defendants in error.

1. One of the plaintiffs proved the account of damages sued for, except the item of $350, in reference to which item the evidence was excluded.   There is no direct or satisfactory proof adverse to this.   By reference to the bill of particulars, it will be seen that the verdict is not excessive under the rulings of the court, but merely for the items proved, with legal interest to the date of trial.

2. The defendant's third instruction was properly refused, because it asserts in effect that, although under the contract sued on the plaintiffs may have bought machinery to carry out the contract, and although the defendant, after inducing such purchase, may have abandoned the contract without

cause, and left the machinery on the hands of the plaintiffs, still the plaintiffs have no right to recover any sum on account of such expenditure.

3. The fifth instruction is but a repetition of the third, and was, therefore, properly refused.

*T. J. & F. A. R. Wharton*, on the same side.

The objection to Echols's testimony went to its sufficiency, not its competency.

SIMRALL, C. J., delivered the opinion of the court.

This suit was brought by Echols & Green, a firm composed of John H. Echols and W. H. H. Green, to recover damages for the non-performance and abandonment by the defendant of its contract with them, after the plaintiffs had expended time, labor and money in the purchase of materials and appliances, and the partial erection of them, in order to put themselves in condition to supply water to its locomotive engines.

The declaration states the contract to be this, in substance: that, on the 15th day of September, 1870, the plaintiffs agreed and bound themselves to locate and establish a water-station on the line of the defendant's road, between mile-posts 175 and 176, to supply the locomotives and cars of the defendant; the precise point of the location to be designated by the defendant. The plaintiffs were to build the water-station, furnishing all the necessary conveniences and appliances (except the tank, which was to be furnished by the defendant). The plaintiffs were to dig the well, and supply the pumps, pipe for lifting the water into the tank, and all the structures and machinery needed for that object (except the tank), and to keep a supply of water at all times, in quantities required by the company; for which they were to pay the plaintiffs forty dollars per month.

It further avers that the plaintiffs, at great expense, procured the necessary apparatus, pipe, pumps and timbers for the wells, but that the company for a period of seven months neglected to designate the point for the station and to provide the tank, after the plaintiffs were prepared, in every particular on their part, to execute the contract; and that the defendant

never did designate the place, nor furnish the tank.  Notwith-
standing the plaintiffs had performed the agreement, as far
as practicable on their part, and were ready and willing to go
on with it, the defendant, on March 20, 1871, repudiated and
abandoned the contract, and notified them that they would
not recognize or further adhere to it.  By reason whereof the
plaintiffs have sustained the loss of time, labor, money and
materials expended in carrying out the contract.  All the
materials are useless, and of no value to them for any other
purpose, and were only put up for the advantages to accrue
from the contract.  They have also lost what they were to
have been paid monthly for supplying water.  Filed with the
declaration is a schedule of damages suffered, viz. : —

| | |
|---|---:|
| Expense of digging and curbing well . . . . | $250.00 |
| Lumber for same . . . . . . . . . . . | 100.00 |
| Lumber for frame of tank . . . . . . . . | 160.00 |
| Labor on frame for tank . . . . . . . . . | 250.00 |
| Cost of pipe, shafting and pulley wheels, $450, now worth $150 ; loss . . . . . . . . . | 300.00 |
| Digging foundation and preparing for frame . . | 25.00 |
| Loss by railroad agent refusing to comply with terms of agreement, and not furnishing information in order that the water contract could be put into operation, for seven months, at $50 per month . . . . . . . . . . . . | 350.00 |

The assignment of error chiefly relied upon is the refusal of
the court to reject a portion of the testimony of the witness
Echols.  The bill of exceptions certifies that the witness, on
his examination in chief, proved the contract as laid in the
declaration.  " He also stated and testified to the correctness
of all the items in his bill of particulars, except the last one
of $350, as to which all testimony was excluded."  Respecting
the item of $450, for the " cost of pipe, shafting and pulley
wheels now worth $150," he said, these articles " when they
were purchased cost about $450, and his present valuation was
$150."  On cross-examination, the witness " was asked as to the
cost of the pipe, and its length, and the same of the shafting
and pulley wheels."  He answered, " They were all purchased

in Cincinnati (except the wooden part of the pulley wheels); he thought the pulley wheels cost $100." He was asked if he did not have invoices of the cost of these articles, or if the books of Echols & Green would not show the cost. He replied, that he did not have the invoices; did not know whether the books would show the cost, but did not think they would; he further said, " about the time the suit was commenced, he made an estimate of all the items in the account, . . . and had put each item down according to his estimate." Being asked if he made the estimate with the invoices or books of Echols & Green before him, he answered he did not, but made the estimate as put down in the bill of particulars; from his best judgment it was correct. And that all he could now say about it was, that he found on said bill the estimate as before stated, and that he knew that he had made an estimate when the suit was brought, and had put it down on a bill of particulars. He was then asked, if, on inspecting said bill of particulars, he could state from recollection what was the cost and value of the pipe, pulley wheels and shafting, and he said he could not. A motion was then made to exclude all the witness's evidence as to said item, " because he did not possess sufficient knowledge as a basis of his testimony." The motion was overruled, and the defendant excepted.

This full statement is necessary in order to consider the merits of the application to exclude. It must be kept in mind that Echols, on his examination in chief, had testified " to the correctness of all the items of his bill of particulars," and, speaking specially in reference to the cost of pipe, shafting and pulleys, said, " when they were purchased, cost about $450." The cross-examination was directed to the point that Echols did not have knowledge or memory accurate enough to speak as to the value of these articles, and that upon all his disclosures his testimony should be excluded. Certainly he was competent to depose as to the cost of the articles and their present value. He had stated the cost, or about the cost, from memory. When pressed, on cross-examination, it turned out that he could not, on inspecting the bill of particulars, state from recollection the cost of the articles. That response may very properly have had the effect of weakening his previous statements in

chief, and of depreciating the value of his testimony. It is legitimate and daily practice to inquire into the source of a witness's knowledge, and the accuracy and reliability of his memory, not for the purpose of excluding the evidence, but to expose its weakness: whether his recollection was distinct or vague would go, not to its competency, but to its value.

If the plaintiffs had relied upon the bill of particulars, and Echols's statements in reference to it, as evidence of the truth of the several particulars thereof, we hardly think that it would have been competent. The memoranda were not made at or about the time of the occurrences, nor shortly after, but more than two years afterwards, and *post litem motam*. The rule is, that a writing or memorandum made at the time, or near the time, of a transaction, for the purpose of preserving evidence of it, is admissible, though the witness who made it cannot recollect the particulars. If made in the ordinary course of business, such memoranda may be more reliable than the fading memory of witnesses. *Haven* v. *Wendell,* 11 N. H. 112 ; *Seavy* v. *Dearborn,* 19 N. H. 351. If the offer had been to read the bill of particulars in evidence, as proof of the correctness of the items, it should have been excluded ; for it was not made at or about the time of the events, nor, indeed, for the purpose of preserving the truth.

There was no error in refusing the third prayer of instruction asked by the defendant. This prayer assumes that, inasmuch as the declaration alleges that the machinery and appliances were of no value to the plaintiffs, they cannot recover for a partial deterioration. We think that under this averment the plaintiffs may show a partial loss. The articles enumerated in this instruction were bought by the plaintiffs, and were to continue their property. The defendant was only responsible for such damages as resulted from the abandonment of the contract. The plaintiffs could have removed the articles, and have applied them to any other use for which they were fit, or might have sold them. They could not, however, abandon them, and claim their full cost price. This principle of law is correctly stated in the introductory part of the fifth instruction, which was also refused. As assumed in that prayer, the

plaintiffs "have no right to abandon the property, and hold the railroad company liable therefor."

The rule laid down in *Vicksburg & Meridian Railroad* v. *Ragsdale*, 46 Miss. 458, 482, we think, is sound in law and morals ; viz., "A party subject to injury from breach of contract is under duty to make reasonable exertions to reduce his damages as much as practicable. If he, through negligence or wilfulness, allows the damages to be unnecessarily enhanced, the increased loss should justly fall upon himself." Echols & Green could not (because the railroad had abandoned the contract) suffer the property to go to decay and become utterly useless, so as to hold the defendant for the original cost and value. It was their duty either to sell the articles for the best price obtainable, or to put them to some use for which they were adapted.

The plaintiffs should have been made whole. That would be accomplished by giving them the difference between the original cost and the present value. There was no effort to prove that they were valueless for any other purpose than to raise water into the tank. The concluding sentence of this prayer, put in the form of a deduction of law from the preceding premises, is hardly correct. If the plaintiffs failed to sell, or made no effort to do so, they did not lose their right to recover. They could elect to retain the property ; and, in such case, their damages would be the difference between the actual value of the articles and their cost, which could be shown by proof of what they would bring in the market, or by any method of determining the value.

*Judgment affirmed.*