## POTTS *v.* McPETERS.*

(Division B. March 23, 1925.)

[103 So. 202.   No. 24757.]

On Suggestion of Error.

Suggestion of error sustained and opinion set aside.

1. WITNESSES. *Rule for showing books correctly kept, before they are admissible, inapplicable, where witness merely refreshes memory from written statement.*

    Rule requiring books, or written account, to be shown to have been correctly kept, before they are admissible in evidence, *held* to have no application, where witness was merely refreshing his memory, as to matters within his knowledge and occurring in his presence, from written itemized statement, not attempted to be introduced.

2. PAYMENT. *Question of.check being settlement in full held for jury.*
    Whether, as claimed, the building owner settled in full with the contractor when he gave him a check, *held* a question for the jury; the contractor testifying that it was received only as part payment.

---

*Headnotes 1.   Witnesses, 40 Cyc., p. 2452; 2.   Payment, 30 Cyc., p. 1294.

APPEAL from circuit court of Alcorn county.
HON. C. P. LONG, Judge.

Action by J. E. Potts against J. R. McPeters.   From an adverse judgment, plaintiff appeals.

On suggestion of error, prior opinion withdrawn and case affirmed.

*W. C. Adams* and. *G. C. Moreland,* for appellant.

The witness Taylor testified only as to the labor.   The memoranda which this witness had and from which he

refreshed his memory (Record page 8), was the bill which he had rendered appellant and which appellant had paid, and this bill showed eleven items and the total labor bill, carpenter and brick work was nine hundred fifty dollars and four cents. We admit that this witness was being examined wholly and solely on the labor item of nine hundred fifty dollars and four cents, and we admit that this witness did not attempt to testify as to the material.

Argument of opposing counsel on this point will avail them nothing for the reason that the testimony of this witness was excluded by the court below, and the court below held that his testimony was incompetent to show this item of nine hundred fifty dollars and four cents for labor. Certainly if Taylor, being present and working on the job, could testify of his own knowledge as to the amount of labor and material, then his testimony as to the labor only, would be competent.

We admit that the witness Taylor had nothing to do with keeping the record of any material going into the work, nor does the testimony of appellant show that Taylor kept a record of the material used, nor was he required to keep a record of any sort of the material. But this argument can avail opposing counsel nothing. It was not necessary for Taylor to keep up with the material that went into the building, or the extras, as this charge for material was proved by the testimony of appellant. The whole bill for material had been amply proven by the testimony of appellant, before Taylor took the stand.

Appellant testified of his own knowledge of the amount of extra material used, refreshing his memory from memoranda to which he referred. The court below held that we proved our bill for the extra material by this witness Potts, and that his testimony was competent and admissible as to the material furnished. Hence we cannot understand why appellee complains that Taylor did

not testify as to the material, as we have already proved
the cost of material before Taylor took the stand.

Counsel are in error when they say that this witness
did not remember anything about the cost of the extra
work.  He knew exactly what the extra work had cost
appellant and that this amount was nine hundred fifty
dollars and four cents, and further that Potts had paid
him this sum.  He testified that he kept a record of
extra work at the time it was done, enough to pay the
men by and to show what each item cost, and he made
up his bill of the eleven items (Record page 8), to which
he referred while on the stand, from this record which
he kept at the time the work was done.  Taylor also tes-
tified that he arrived at the bill which he rendered ap-
pellant, and under which appellant paid nine hundred fifty
dollars and four cents, by the time it took to do the work
and the money he actually paid his hands.  We attempted
to show by this witness that this bill for extra labor paid
by appellant to Taylor was a reasonable charge for the
extra brick and carpenter work, but the witness was not
permitted to answer our question.

The court below erred in excluding the testimony of
Taylor as to the extra labor item of nine hundred fifty
dollars and four cents, and for this error this case must
be reversed and remanded.

The witness Taylor did not testify as to the bill for
material, but appellant Potts did furnish all of the extra
material and testified of his own knowledge about the
material which he had furnished.  The fact that Taylor
at the time of the trial could not tell the exact number
of hours that he had put in supervising and working on
the job could in no way effect the competency of his tes-
timony.  He kept a record of the time it took to do the
extra work, when it was being done, enough to pay the
men by and show what each item cost, and he charged
appellant for the extra work by just the time it took to
do the extra work and the money paid his hands.  On
the day of the trial he could not say just how many hours

he himself had put in at sixty cents per hour, but he testified that in making up his bill for labor which he presented appellant and which appellant paid, that he made the bill from the data as to the time the extra work was done. He could separate the extras from the main building at the time the work was done, but perhaps he could not do so at the time of the trial.

This court was eminently correct in holding that the rule laid down in the case of *Railroad Company* v. *Echols,* 54 Miss. 264, applied in this case as to the competency of the testimony of the witness Taylor as to the labor item. It is legitimate practice to inquire into the sources of a witness' knowledge, and the accuracy and the reliability of his memory, but this practice is not for the purpose of excluding his evidence, but for the purpose of exposing its weakness. Whether the recollection of the witness was distinct or vague would not go to the competency of the evidence, but to its value. *New Orleans, etc., R. R. Co. v. Echols,* 54 Miss. 264.

This court has already held in its opinion in reversing and remanding this case, that the testimony of this witness was competent and admissible, and that the court below erred in excluding the testimony of this witness. Appellee has not shown any good reason why this Honorable court should not still adhere to its original opinion, that it was error to exclude the testimony of this witness. And so we most respectfully submit that the testimony of this witness was competent and that this court was correct in holding that it should not have been excluded.

*B. F. Worsham* and *W. C. Sweat,* for appellee.

After reading the opinion handed down in this case we were almost driven to the conclusion that the court misunderstood the testimony of the witness Taylor offered on behalf of appellant, and for this reason we are filing this suggestion of error, believing that after reading it

the court will be convinced that the conclusion reached in the original opinion is manifestly wrong and that this suggestion of error will be sustained and this cause affirmed.

Witness Taylor stated that he did the carpenter work and kept a record of the extra work, and the memorandum from which he was testifying to refresh his memory was with reference to the extra work (labor), as shown by the statement by the court (R. 39) when he says, referring to the statement witness had in his hand: "That don't show how many days extra work or who did the work or anything about it—this is just a lump sum."

By referring to the bill of particulars (R. 8) it will be seen that the item of nine hundred fifty dollars was not the balance due by McPeters to Potts but was the amount claimed by this witness and appellant to be the extra labor required in the extras under the contract; and by referring to page four of the record, item 21 of the account sued on, this item of nine hundred fifty dollars is carried into the account for carpenter and brick work labor.

This witness was being examined wholly and solely with reference to the extra labor which appellant claimed amounted to nine hundred fifty dollars, and that he was not attempting in the least to explain about any balance that was due by appellee to appellant.

We respectfully submit that if the court will carefully re-read the testimony of this witness it will be seen that the witness Taylor at no time in his testimony intimated that he knew anything about any other part of the charges made by appellant against appellee except the amount of the extra labor on the work, and that therefore the court arrived at the wrong conclusion when it stated in the original opinion that this witness testified "that a balance of about nine hundred fifty dollars was still due the appellant Potts for extra work on the building."

The statements just above made and the reference to the testimony of this witness we think clearly demon-

strated that the witness Taylor had nothing whatever to do with the keeping of a record of any material going into the work; and by a careful reading of the testimony of the appellant himself it will be seen that the appellant does not in any way intimate that the witness Taylor had any information with reference to the extra material used, nor was he required to keep an account or record of any sort with reference to material, and neither the appellant nor the witness Taylor make any sort of claim that the witness Taylor had any information as to the material used in the so-called extras.

We confidently assert that this court on re-reading of this record will see that neither witness Taylor nor the appellant claimed that Taylor was any sort of a foreman under the general contractor, and we think the court reached the wrong conclusion in holding that he was such a foreman. We therefore respectfully submit that the conclusion stated in the opinion that this witness Taylor was referring to any memorandum to refresh his memory so that he could more clearly testify as to facts which he knew of his own knowledge with reference to the extra work and material furnished on the building is not supported by the record.

The suit in this case was for an alleged balance due of nine hundred fifty-two dollars and fifty-three cents, and inasmuch as witness Taylor testified altogether with reference to an item of nine hundred fifty dollars, we believe that the court was confused by reason of the fact that the two amounts were so nearly the same, and that it therefore concluded that the testimony of Taylor was addressed to the balance due on the account rather than the amount of the extra labor.

The rule laid down in *New Orleans, Jackson & Great Northern R. R.* v. *John H. Echols, et al.,* 54 Miss. 264, is inapplicable here for the reason that, in that case, the witness had made an estimate, when the suit was brought, of each item, which he testified was correct in his opinion, and the court held that, under those circumstances, the

instrument was competent, though its value might have been weakened on account of the inability of the witness to state whether same was correct or not. That does not apply here because the witness does not pretend that he ever made an accurate estimate of the costs of the brick and carpenter work of these extras during the time the building was being constructed, or at any time afterward; and there is nothing in this bill of particulars, or in Taylor's testimony, to show that these items are in fact either the actual cost or the reasonable value of the extra labor.

We respectfully submit that the testimony of the witness Taylor demonstrated that he was not testifying of his own knowledge but was testifying from memoranda, and we further respectfully submit that his testimony clearly demonstrated that he was not using the memoranda to refresh his memory but that he had to have the memoranda from which he was testifying in order to testify. Furthermore, by a reading of his testimony we believe that this court will be driven to the conclusion that the memoranda he had was simply an estimate in lump sums, and that he did not attempt to say that these were correct or accurate, but on the contrary said that it was impossible for him or any other man to keep an accurate record of the labor on the extra work.

This witness Taylor was not put on the stand to corroborate the appellant but the appellant was dependent upon the testimony of the witness absolutely to prove the extra labor item; and inasmuch as Taylor says that he could not possibly have kept a record and that he did not keep a record of the extra labor, and furthermore, inasmuch as Mr. Potts says the trade between him and the appellee was that he, Potts, should be paid by the appellee just what it cost him, then we think that this proof by witness Taylor is vague, indefinite, uncertain and inaccurate, and absolutely incompetent, and that the court below was eminently correct in excluding it.

Attorneys for appellant are entirely in error when they say that the appellant testified of his own knowledge of the amount of extra material used, refreshing his memory from memorandum to which he referred, for we respectfully submit that we think it a physical impossibility for Mr. Potts to have a personal recollection of the thou sands of items; and furthermore, on page twenty-three of the record, attorneys for appellant in examining Mr. Potts used this expression: ''I notice in your reading these extras you have just explained to the jury, etc.'' This demonstrates that Mr. Potts did not attempt to testify from memory but actually read word for word from the account he had in his hand while on the witness stand. The question of whether or not the item of nine hundred fifty dollars and four cents for extra labor was a reasonable charge is not the one we have to deal with, but Mr. Potts said that the extra work was based on the actual cost of the extra labor and not the reasonable value.

The case of *Railroad Co.* v. *Echols,* 54 Miss. 264, is not on all fours with the case at bar, for the simple reason that the Echols case was for damages for a breach of contract and the only way the damages could be gotten at was by estimates. The witness in the Echols case was simply using his bill of particulars. There was no question involved as to the admissibility or correctness of records, but simply a question as to the weakness or strength of the recollection of the witness.

In the case at bar it was incumbent upon appellant to sustain, either by personal recollection or accurate, competent records, the items with which he was seeking to charge the appellee. Neither the appellant nor the witness Taylor attempted to say that they had any personal recollection, but their testimony was wholly from records or memoranda, not to refresh their memory but used as an absolute basis for their testimony. They had no recollection and therefore were compelled to testify from records. If we are correct in this conclusion, then we say without any fear of contradiction that the tes-

timony of both appellant and witness Taylor as to the items on which the suit is based was and is wholly incompetent, and that their testimony in this regard does not in any way measure up to the fundamental and generally accepted rules of evidence that have been adhered to by this court for so many years that the memory of man runneth not to the contrary.

HOLDEN, P. J., delivered the opinion of the court.

The suit is by appellant, Potts, to recover nine hundred fifty-two dollars from appellee, McPeters, as a balance due on a contract to build a house for appellee. Under the original written contract the house was to cost three thousand five hundred dollars, but, by agreement of the parties, certain changes were made and extra material and labor furnished, which increased the total cost to about six thousand dollars. The owner of the house, McPeters, paid the appellant five thousand three hundred thirty-six dollars and seventy cents on the contract after the house was finished, and seems to claim that this payment by a check to appellant was in full settlement for the construction of the building. The appellant denied the amount received was in full settlement, but that it was accepted as part payment, and that the balance of nine hundred fifty-two dollars remained unpaid, for which amount this suit was brought.

At the trial of the case the appellant, Potts, introduced a witness by the name of Taylor, who testified that he was present and aided in the construction of the house, in that he did the carpenter work on the building and the extras that went into it, and that he and another man, Nichols, did the brick work on the building. Taylor seems to have been some kind of a foreman on the job as he kept a record of the carpenter work and the money he paid the hands who worked on the building.

While on the witness stand, Taylor had a written itemized statement to which he referred and from which he

refreshed his memory as to the numerous items of material and work that went into the building, and testified that a balance of about nine hundred fifty dollars was still due the appellant, Potts, for the extra work on the building. There was objection made by the appellee to the testimony of Taylor, on the ground that the itemized written statement was inaccurate and unreliable, and was inadmissible in evidence because, under the rule of the introduction of books in evidence, the correctness of the books must first be shown before they are admissible to prove accounts therein, and that, since Taylor had not himself made up the itemized statement from which he was testifying, but had dictated it to another person, his testimony in connection with the statement was inadmissible in the case. The court sustained the objection and excluded the testimony of Taylor; and the court, also, at the close of the evidence, granted a peremptory instruction to the jury in favor of defendant below, and from this action the appeal is prosecuted.

A mere statement of the case makes it clear to us that the lower court was in error in granting the peremptory instruction in favor of the defendant, and in excluding the testimony of the witness Taylor offered by appellant, Potts.

We do not understand that witness Taylor attempted to introduce any books in evidence, nor the written memoranda; he was merely refreshing his memory from the written itemized statement so that he could more clearly and definitely testify as to the facts which he knew of his own knowledge with reference to the extra work and material furnished on the building while he was present and assisting in the work. Therefore the rule which requires that the books, or written account, be shown to have been correctly kept before they are admissible in evidence, was not applicable, because the witness had the right to refresh his memory from a written memorandum, and it appears that was all that was done in

this case. See *New Orleans, Jackson & Great Northern Railroad Co.* v. *John H. Echols et al.,* 54 Miss. 264.

On the other question in the case; that is, whether or not the appellee settled in full with the appellant when he gave appellant the check for five thousand three hundred thirty-six dollars and seventy cents, we think this was a question of fact to be determined by the jury, for the reason the appellant testified the check was received only as part payment. The court should let the jury pass upon this testimony, if disputed, by appellee.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*

### On Suggestion of Error.

Holden, P. J., delivered the opinion of the court. In our former consideration of this case we reversed the judgment of the lower court upon the ground that the peremptory instruction granted for the defendant was error, because the proof offered was competent and sufficient to take the question of liability to the jury. The opinion is reported in 103 So. page 202.

After a careful consideration of the case, on suggestion of error, we have reached the conclusion that we made a mistake in our former decision; and we now think the lower court was correct in granting the peremptory instruction for the defendant, because the testimony offered by the plaintiff to establish his claim was too uncertain and indefinite upon which to base a judgment for him. Therefore we shall set aside the former decision reversing the case, and now affirm the judgment of the lower court.

*Suggestion of error sustained.*